United States District Court
Southern District of Texas
ENTERED
November 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Miguel Sierra Silva, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-6840 |
| | § | |
| TODD BLANCHE, U.S. Attorney General, | § | |
| *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Miguel Sierra Silva is a native and citizen of Mexico who unlawfully entered the United States at an unspecified date. Docs. 1 ¶¶ 27–28; 7 at n.2; 7-1. On August 4, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and remains in the custody of Respondent, Warden of the Montgomery ICE Processing Center in Conroe, Texas.[1] Docs. 1 ¶ 29; 7 at 3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates substantive and procedural due process.[2] Doc. 1 ¶¶ 47–52.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 7. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an

---

[1] The Petition asserts that Petitioner was taken into custody by ICE on August 6, 2026, after a traffic stop. Doc. 1 ¶¶ 4, 29. However, the EARM states that this encounter occurred on August 4, 2026, and that Petitioner was taken into custody the same day. Doc. 7-1 at 7–9.

[2] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 7–8, 11–12. The Court assumes that Petitioner intends to raise due both due process challenges.

"applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7 at 7–8; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.

On October 23, 2026, the Fifth Circuit issued a separate *en banc* decision regarding the constitutionality of detention under § 1225(b)(2)(A). *See Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026). There, the Fifth Circuit held that neither procedural nor substantive due process requires a bond hearing or other process beyond that provided by Congress for aliens in removal proceedings who have never been admitted to the United States. *Id.* at *5, *9–12. Indeed, for such aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Id.* at *5 (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020)) (emphasis in original). When rejecting the petitioners' substantive due process claims, the Fifth Circuit flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Id.* at *11. Further, the Fifth Circuit addressed the duration of detention without a bond hearing that is constitutionally

permissible under § 1225(b)(2)(A): "So long as an alien's detention pending removal 'has a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (quoting *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)).

Taken together, the Fifth Circuit's decisions in *Buenrostro-Mendez* and *Sosnava Rodriguez* resolve any claims in the Petition that Petitioner's present detention violates the Immigration and Naturalization Act or the Fifth Amendment's Due Process Clause.

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 9th of November, 2026.

Nicholas J. Ganjei
United States District Judge